# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## LEE COUNTY, ILLINOIS

ROBERT ALLEN,                )
                             )          **2022LA00007**
    Plaintiff,               )
                             )
v.                           )          Case No. 22 – L
                             )
VERIZON,                     )
                             )
    Defendants.              )          **SUMMONS**

**TO EACH DEFENDANT: Verizon,** 1684 S Galena Ave, Dixon, IL 61021

**YOU ARE HEREBY SUMMONED and required to file an answer in this case or otherwise file your appearance, in the Office of the Circuit Clerk, LaSalle County Court House, 119 W. Madison St Rm 201, Ottawa, IL 61350 within 30 days after service of this summons, not counting the day of service.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your Circuit Clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local Circuit Clerk's office for a fee waiver application.

**To the Officer:**          **Lee County Sheriff, 240 E Progress Dr, Dixon, IL 61021**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than three (3) days before the date of appearance. This summons may not be served later than thirty (30) days after its date.

5/6/2022

Witness _____ , AHB

_Clerk of Court_
(Seal of Court)

Attorney Travis Dunn; ARDC # 6319131
LAW OFFICES OF PETER F. FERRACUTI, P C
Attorney for: Plaintiff
110 East Main St, Ottawa, IL 61350
Phone: 815/434-3535; Fax.  815/434-4513

Date of
Service _____
(To be inserted by the Officer

FILED
Lee Co. Circuit Court
15th Judicial Circuit
Date: 5/6/2022 11:23 AM
Amy Johnson
AHB

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**LEE COUNTY, ILLINOIS**

ROBERT ALLEN, )
                )     **2022LA00007**
     Plaintiff, )
                )
v.                )     Case No. 22 – L -
                )
VERIZON, )
                )
     Defendants. )

## COMPLAINT AT LAW

    **NOW COMES** the Plaintiff, ROBERT ALLEN ("Plaintiff"), by and through his

attorneys, THE LAW OFFICES OF PETER F. FERRACUTI, P.C., and for his Complaint

against the Defendant, VERIZON ("Defendant"), states and alleges as follows:

### PARTIES

    1.     Plaintiff is, and was at all times relevant hereto, a resident of the county of

LaSalle, Illinois.

    2.     Defendant is a company conducting business at all times relevant to this

complaint at a storefront, the address of which was 1684 South Galena Avenue in the city of

Dixon, county of Lee, state of Illinois.

### VENUE

    3.     Venue is proper within this Judicial Circuit because the primary actions and

events that have given rise to the controversy occurred in Lee County, Illinois. 735 ILCS 5/2-

101.

## FACTS COMMON TO ALL COUNTS

4.     Plaintiff was employed by the Defendant as a salesperson on May 8, 2020, and for approximately 5 years prior thereto.

5.     In the course of his job duties, Plaintiff was criticized several times by employees and agents of the defendant MICHAEL BAKER and MONICA CHASE in connection with racially charged incidents between customers of the Defendant and the Plaintiff.

6.     That in February of 2020, a Human Resources representative of Verizon corporate held a meeting with employees of the Dixon store of the Defendant.

7.     That in the course of this meeting, the Human Resources representative invited questions in a group setting with employees of the store.

8.     That when the Plaintiff requested information and clarification on how best to handle racially charged incidents with customers, the Human Resources representative refused to provide guidance.

9.     That, at the aforementioned time and place, the Human Resources representative assured the Plaintiff that they would follow up with him to provide further information.

10.     That the Plaintiff had reasonable belief that the above-described behavior of Defendant in handling the racial incidents violated the laws of the State of Illinois.

11.     That on May 8, 2020 the Plaintiff was terminated from his employment with the Defendant.

12.     That the Defendant claimed that the Plaintiff was being terminated due to having improperly utilized his employee account for discounts for family members.

13.     That despite this claim, several other employees of the Defendant, including SHELLY YOLANDO and MICHAEL STEFFENS,

14.     That the Defendant had instituted policies and guidance against harassment, bullying, and discrimination.

15.     That the proximity between the Plaintiff's reports of harassment, intimidation, and fear for his safety and the termination of the Plaintiff indicates that the Plaintiff was discharged by the defendant from his employment as a direct result of his reports.

16.     That the pretextual nature of the reasoning for terminating the Plaintiff lends support to the position that he was terminated in retaliation for his protected activities.

## COUNT I:

## WRONGFUL TERMINATION

17.     Plaintiff restates and fully incorporates into Count I his allegations set forth in Paragraphs 1 through 16, above.

18.     Plaintiff's good faith reports of customer behavior, as described above, were activities protected by virtue of their being reports of potentially criminal misconduct.

19.     That both the criminal and civil code of the State of Illinois establish a clearly mandated public policy against racial harrassment.

20.     That there is no public policy more basic or more implicit in the concept of ordered liberty than the enforcement of a State's criminal code. See *Palmateer v. Int'l Harvester Co.*, 85 Ill. 2d 124, 132 (1981).

21.     That the Plaintiff reported customer's behavior to the Defendant.

22.     That such reports of potential criminal misconduct were protected by clearly mandated public policy. See *Nason v. Rockford Park Dist.*, 2014 IL App (2d) 130364-U, ¶ 21.

23.     That the proximity in time between the reports of the Plaintiff and his unjustifiable termination raise the inference that the reports resulted in his termination.

24. Defendants' termination of Plaintiff's employment therefore was an illegal retaliatory discharge in violation of a clearly mandated public policy.

25. As a direct and proximate result of Defendants' illegal retaliatory termination of his employment as described above, Plaintiff has lost income in the form of wages, social security and other benefits, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and he is expected to incur future damages.

**WHEREFORE**, Plaintiff, ROBERT ALLEN, respectfully prays that he may have judgment against the Defendant, VERIZON, in an amount in excess of the jurisdictional limits of this Court, and other such relief as this Court shall deem appropriate, and additionally, costs of this action.

**COUNT II**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

26. Plaintiff realleges and incorporates paragraphs 1-25 as and for paragraph 26.

27. At all times relevant hereto, Defendant was aware of the harassing and threatening conduct of customers towards the Plaintiff.

28. Furthermore, Defendant was aware of the emotional distress the harassing conduct was causing the Plaintiff.

29. Nevertheless, Defendant failed and refused to provide any remedy to the Plaintiff, and instead continued to allow him to be subjected to the harassing conduct of customers.

30. Furthermore, Defendant terminated the Plaintiff, knowing full well that the incidents had already been causing him severe emotional distress.

31. Defendant acted with a reckless or conscious disregard of the certainty that its

actions and omissions would cause the Plaintiff severe emotional distress.

32.    The actions of the Defendant, in failing to protect the Plaintiff with knowledge that the harassment was causing him severe emotional distress were therefore extreme and outrageous, and regarded as intolerable in a civilized society.

33.    As a direct and proximate result of Defendant's acts and omissions, the Plaintiff did sustain such extreme emotional distress that no reasonable person should be expected to endure it.

34.    Therefore, the Defendant is liable to the Plaintiff for intentional infliction of severe emotional distress.

    **WHEREFORE**, Plaintiff, ROBERT ALLEN, respectfully prays that he may have judgment against the Defendant, VERIZON, in an amount in excess of the jurisdictional limits of this Court, and other such relief as this Court shall deem appropriate, and additionally, costs of this action.

Respectfully submitted,

Robert Allen, Plaintiff
BY: LAW OFFICES OF PETER F. FERRACUTI, P.C.

By: _____/Travis Dunn_____
    Travis Dunn, Attorney for Plaintiff

Travis Dunn
Attorney Number: 6319131
Law Offices of Peter F. Ferracuti
110 E. Main St., Ottawa, IL 61350
P (815) 434-3535
F (815) 434-2796
tdunn@peterferracuti.com



Lee County Circuit Court

FullCourt Enterprise - Civil Case Status Summary



SEARCHES ⌄   CASES ⌄   SCHEDULING ⌄                                    LOGOUT

Public : ◄ Case Status Summary · 2022LA00007 · Case Status Summary · 2022LA00007 · Case Status Summary



CIVIL CASE ⌄
- Case Status
- Civil Case
- Civil Hearings
- Judges
- Judgment/Orders
- Old Financial History
- ROA

CIVIL CASE STATUS SUMMARY  ▸  2022LA00007   Robert Allen vs. Verizon          CASE STATUS  ▸  Pending - May 6, 2022

Page 1 of 1 (1 items)

| DATE ▾ | CASE STATUS |
|---|---|
| 05/06/2022 12:00 AM | Pending |

Page 1 of 1 (1 items)

[ REFRESH ]   [ CANCEL ]



**FullCourt**
*ENTERPRISE®*

Lee County Circuit Court



| SEARCHES ⌄ | CASES ⌄ | SCHEDULING ⌄ | | LOGOUT |

Public : ◄ 2022LA00007 · Case Status Summary · 2022LA00007 · Case Status Summary · 2022LA00007

CASE LOOKUP  `2022`  `LA`  `00007`  **RETRIEVE**

| CIVIL CASE |
| --- |
| Case Status |
| Civil Case |
| Civil Hearings |
| Judges |
| Judgment/Orders |
| Old Financial History |
| ROA |

**CIVIL CASE** ▸ 2022LA00007   Robert Allen vs. Verizon

**CASE STATUS** ▸ Pending - May 6, 2022

**CASE INFORMATION**

| | | | |
| --- | --- | --- | --- |
| JUDGE ▸ | Lee, Douglas E | APPELLATE CASE NO. ▸ | |
| PROSECUTOR ▸ | | LOCATION ▸ | |
| CASE SUBTYPE ▸ | Tort - Money Damages | FILING DATE ▸ | 05/06/2022 |
| FILE LOCATION ▸ | * * * * * * | APPEAL DATE ▸ | |
| REMAND DATE ▸ | | APPEAL ACCEPTED DATE ▸ | |
| DOM. VIOLENCE ▸ | * | APPEAL UPHELD DATE ▸ | |
| JURISDICTION ▸ | Circuit | UNDER ADVISEMENT DATE ▸ | * * * * * * |
| PHYSICAL FILE ▸ | | PREVIOUS CASE NO. ▸ | * * * * * * |
| SEALED ▸ | * | OTHER AGENCY CASE NO. ▸ | |
| NEXT HEARING ▸ | 10/04/2022 01:30 PM-CH-L-F Progress Call | JURY REQUESTED ▸ | ☐ |
| BATCH LABEL ▸ | | JURY VERDICT ▸ | ☐ |
| COMPLEX CASE ▸ | ☐ | CLASS ACTION ▸ | ☐ |
| EXCEPTIONAL CASE ▸ | ☐ | | |
| COMMENT ▸ | * * * * * * * | | |

**LITIGANTS**

1 - 2 of 2

| SEL | LITIGANT | STATUS | ROLE ▲ | ATTORNEY | CASE RELATIONSHIP |
| --- | --- | --- | --- | --- | --- |
| ☐ | Allen, Robert | | Plaintiff | Dunn, Travis | N |
| ☐ | Verizon | | Defendant | | N |

**REFRESH**   **CANCEL**



## FULLCOURT
### E N T E R P R I S E ®

Lee County Circuit Court

| SEARCHES ▾ | CASES ▾ | SCHEDULING ▾ | | LOGOUT |
|---|---|---|---|---|

**Public :** ◀ Case Status Summary · 2022LA00007 · Case Status Summary · 2022LA00007 · Civil Hearing Summary



### CIVIL CASE ▾
- Case Status
- Civil Case
- Civil Hearings
- Judges
- Judgment/Orders
- Old Financial History
- ROA

**CIVIL HEARING SUMMARY** ▸ 2022LA00007    Robert Allen vs. Verizon        **CASE STATUS** ▸ **Pending - May 6, 2022**

CONTINUANCE ONLY ▸ ☐

1 - 1 of 1

| HEARING TYPE | JUDGE | COURT ROOM | START DATE ▲ | | | RESULT | |
|---|---|---|---|---|---|---|---|
| CH-L-F Progress Call | Douglas E Lee | 410 | 10/04/2022 - 01:30 PM | ▾ PARTICIPANTS | ▾ OFFICERS | | |

[ REFRESH ]  [ CANCEL ]



Lee County Circuit Court



SEARCHES ⌄ | CASES ⌄ | SCHEDULING ⌄ | LOGOUT

Public : ◄ Case Status Summary · 2022LA00007 · Case Status Summary · 2022LA00007 · Judges



CIVIL CASE ▼

Case Status

Civil Case

Civil Hearings

Judges

Judgment/Orders

Old Financial History

ROA

CIVIL JUDGES ▸ 2022LA00007        CASE STATUS ▸ Pending - May 6, 2022

| *JUDGE | *FROM | TO | SEND NOTICES | DEPARTMENT | REASON FOR REMOVAL |
|--------|-------|-----|--------------|------------|---------------------|
| Lee, Douglas E | 05/06/2022 | | * | | * * * * * * |

REFRESH    CANCEL



**FULLCOURT**
*E N T E R P R I S E ®*

Lee County Circuit Court



| SEARCHES ⌄ | CASES ⌄ | SCHEDULING ⌄ | | LOGOUT |
|---|---|---|---|---|

**Public :** ◄ Case Status Summary · 2022LA00007 · Case Status Summary · 2022LA00007 · Judgment/Order Summary

| CIVIL CASE ▼ |
|---|
| Case Status |
| Civil Case |
| Civil Hearings |
| Judges |
| Judgment/Orders |
| Old Financial History |
| ROA |

**C I V I L   J U D G M E N T / O R D E R   S U M M A R Y** ▸ 2022LA00007    Robert Allen vs. Verizon      **C A S E   S T A T U S** ▸ Pending - May 6, 2022

| SEL | JUDGMENT/ORDER TYPE | FILING DATE | ORDER DATE | STATUS |
|---|---|---|---|---|

**REFRESH**    **CANCEL**



6/22/22, 1:17 PM                    FullCourt Enterprise - Civil Old Financial History



# FULLCOURT
### E N T E R P R I S E™

## Lee County Circuit Court

SEARCHES ⌄     CASES ⌄     SCHEDULING ⌄                                                                    LOGOUT

**Public :** ◄ Case Status Summary · 2022LA00007 · Case Status Summary · 2022LA00007 · Old Financial History



| CIVIL CASE ⌄ |
| --- |
| Case Status |
| Civil Case |
| Civil Hearings |
| Judges |
| Judgment/Orders |
| Old Financial History |
| ROA |

**CIVIL OLD FINANCIAL HISTORY** ‣ 2022LA00007                    **CASE STATUS** ‣ Pending – May 6, 2022

**BALANCES**

| | | |
| --- | --- | --- |
| CASE BALANCE ‣ | 0.00 |
| BOND BALANCE ‣ | 0.00 |
| TRUST BALANCE ‣ | 0.00 |

[ REFRESH ]   [ CANCEL ]



## FullCourt
### ENTERPRISE®

Lee County Circuit Court

SEARCHES ⌄    CASES ⌄    SCHEDULING ⌄                                    LOGOUT

Public : ◄ Case Status Summary· 2022LA00007· Case Status Summary· 2022LA00007· ROA Summary

**CIVIL CASE**

| | |
|---|---|
| Case Status | |
| Civil Case | |
| Civil Hearings | |
| Judges | |
| Judgment/Orders | |
| Old Financial History | |
| ROA | |

**CIVIL ROA SUMMARY** ▸ 2022LA00007    Robert Allen vs. Verizon    **CASE STATUS** ▸ Pending - May 6, 2022

Advanced Search ▸

SORT DATE ▸  ○ Ascending  ● Descending

1 - 7 of 7

☐  *DATE ▸ 05/06/2022    *JUDGE ▸ Lee, Douglas E    MICROFILM NUMBER ▸
   SEALED ▸ ☐    CODE ▸ CT HRST CV    ACTION TYPE ▸ [▾]
   *TEXT ▸ * Next Appearance: CH-L-F Progress Call , October 4, 2022 at 1:30 PM in Courtroom 410 with Judge Douglas E Lee.

☐  *DATE ▸ 05/06/2022    *JUDGE ▸ Lee, Douglas E    MICROFILM NUMBER ▸
   SEALED ▸ ☐    CODE ▸ CT ATTO    ACTION TYPE ▸ [▾]
   *TEXT ▸ Appearance filed by Attorney Travis Dunn, for Robert Allen.

☐  *DATE ▸ 05/06/2022    *JUDGE ▸ Lee, Douglas E    MICROFILM NUMBER ▸
   SEALED ▸ ☐    CODE ▸ ACTION    ACTION TYPE ▸ [▾]
   *TEXT ▸ Complaint at Law: filed by Attorney Travis Dunn

☐  *DATE ▸ 05/06/2022    *JUDGE ▸ Lee, Douglas E    MICROFILM NUMBER ▸
   SEALED ▸ ☐    CODE ▸ SM ALIA    ACTION TYPE ▸ [▾]
   *TEXT ▸ Issued Summons for service on Verizon, service by Attorney.

☐  *DATE ▸ 05/06/2022    *JUDGE ▸ No Judge    MICROFILM NUMBER ▸
   SEALED ▸ ☐    CODE ▸ PR CAL    ACTION TYPE ▸ [▾]
   *TEXT ▸ Progress Call Notice filed - copy submitted to atty by email.

☐  *DATE ▸ 05/06/2022    *JUDGE ▸ Lee, Douglas E    MICROFILM NUMBER ▸
   SEALED ▸ ☐    CODE ▸ ACTION SHERIFF    ACTION TYPE ▸ [▾]
   *TEXT ▸ Summons Issued: Fees paid by Allen, Robert
   Receipt Amount: $306.00
   Receipt #: 924559

☐  *DATE ▸ 05/06/2022    *JUDGE ▸ Lee, Douglas E    MICROFILM NUMBER ▸
   SEALED ▸ ☐    CODE ▸ ACTION RECEIPT    ACTION TYPE ▸ [▾]
   *TEXT ▸ Tort - Money Damages (LA) filed by Allen, Robert.
   Receipt Amount: $306.00
   Receipt #: 924559

1 - 7 of 7



LIST    REFRESH    CANCEL

FILED
Lee Co. Circuit Court
15th Judicial Circuit
Date: 5/6/2022 11:23 AM
Amy Johnson
AHB

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
LEE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| ROBERT ALLEN, | ) | |
| | ) | **2022LA00007** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22 – L - |
| | ) | |
| VERIZON, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, ROBERT ALLEN ("Plaintiff"), by and through his attorneys, THE LAW OFFICES OF PETER F. FERRACUTI, P.C., and for his Complaint against the Defendant, VERIZON ("Defendant"), states and alleges as follows:

### PARTIES

1.      Plaintiff is, and was at all times relevant hereto, a resident of the county of LaSalle, Illinois.

2.      Defendant is a company conducting business at all times relevant to this complaint at a storefront, the address of which was 1684 South Galena Avenue in the city of Dixon, county of Lee, state of Illinois.

### VENUE

3.      Venue is proper within this Judicial Circuit because the primary actions and events that have given rise to the controversy occurred in Lee County, Illinois. 735 ILCS 5/2-101.

## FACTS COMMON TO ALL COUNTS

4.      Plaintiff was employed by the Defendant as a salesperson on May 8, 2020, and for approximately 5 years prior thereto.

5.      In the course of his job duties, Plaintiff was criticized several times by employees and agents of the defendant MICHAEL BAKER and MONICA CHASE in connection with racially charged incidents between customers of the Defendant and the Plaintiff.

6.      That in February of 2020, a Human Resources representative of Verizon corporate held a meeting with employees of the Dixon store of the Defendant.

7.      That in the course of this meeting, the Human Resources representative invited questions in a group setting with employees of the store.

8.      That when the Plaintiff requested information and clarification on how best to handle racially charged incidents with customers, the Human Resources representative refused to provide guidance.

9.      That, at the aforementioned time and place, the Human Resources representative assured the Plaintiff that they would follow up with him to provide further information.

10.      That the Plaintiff had reasonable belief that the above-described behavior of Defendant in handling the racial incidents violated the laws of the State of Illinois.

11.      That on May 8, 2020 the Plaintiff was terminated from his employment with the Defendant.

12.      That the Defendant claimed that the Plaintiff was being terminated due to having improperly utilized his employee account for discounts for family members.

13.      That despite this claim, several other employees of the Defendant, including SHELLY YOLANDO and MICHAEL STEFFENS,

14.     That the Defendant had instituted policies and guidance against harassment, bullying, and discrimination.

15.     That the proximity between the Plaintiff's reports of harassment, intimidation, and fear for his safety and the termination of the Plaintiff indicates that the Plaintiff was discharged by the defendant from his employment as a direct result of his reports.

16.     That the pretextual nature of the reasoning for terminating the Plaintiff lends support to the position that he was terminated in retaliation for his protected activities.

## COUNT I:

## WRONGFUL TERMINATION

17.     Plaintiff restates and fully incorporates into Count I his allegations set forth in Paragraphs 1 through 16, above.

18.     Plaintiff's good faith reports of customer behavior, as described above, were activities protected by virtue of their being reports of potentially criminal misconduct.

19.     That both the criminal and civil code of the State of Illinois establish a clearly mandated public policy against racial harrassment.

20.     That there is no public policy more basic or more implicit in the concept of ordered liberty than the enforcement of a State's criminal code. See *Palmateer v. Int'l Harvester Co.*, 85 Ill. 2d 124, 132 (1981).

21.     That the Plaintiff reported customer's behavior to the Defendant.

22.     That such reports of potential criminal misconduct were protected by clearly mandated public policy. See *Nason v. Rockford Park Dist.*, 2014 IL App (2d) 130364-U, ¶ 21.

23.     That the proximity in time between the reports of the Plaintiff and his unjustifiable termination raise the inference that the reports resulted in his termination.

24.     Defendants' termination of Plaintiff's employment therefore was an illegal retaliatory discharge in violation of a clearly mandated public policy.

25.     As a direct and proximate result of Defendants' illegal retaliatory termination of his employment as described above, Plaintiff has lost income in the form of wages, social security and other benefits, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and he is expected to incur future damages.

**WHEREFORE**, Plaintiff, ROBERT ALLEN, respectfully prays that he may have judgment against the Defendant, VERIZON, in an amount in excess of the jurisdictional limits of this Court, and other such relief as this Court shall deem appropriate, and additionally, costs of this action.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26.      Plaintiff realleges and incorporates paragraphs 1-25 as and for paragraph 26.

27.     At all times relevant hereto, Defendant was aware of the harassing and threatening conduct of customers towards the Plaintiff.

28.     Furthermore, Defendant was aware of the emotional distress the harassing conduct was causing the Plaintiff.

29.     Nevertheless, Defendant failed and refused to provide any remedy to the Plaintiff, and instead continued to allow him to be subjected to the harassing conduct of customers.

30.     Furthermore, Defendant terminated the Plaintiff, knowing full well that the incidents had already been causing him severe emotional distress.

31.     Defendant acted with a reckless or conscious disregard of the certainty that its

actions and omissions would cause the Plaintiff severe emotional distress.

32. The actions of the Defendant, in failing to protect the Plaintiff with knowledge that the harassment was causing him severe emotional distress were therefore extreme and outrageous, and regarded as intolerable in a civilized society.

33. As a direct and proximate result of Defendant's acts and omissions, the Plaintiff did sustain such extreme emotional distress that no reasonable person should be expected to endure it.

34. Therefore, the Defendant is liable to the Plaintiff for intentional infliction of severe emotional distress.

**WHEREFORE**, Plaintiff, ROBERT ALLEN, respectfully prays that he may have judgment against the Defendant, VERIZON, in an amount in excess of the jurisdictional limits of this Court, and other such relief as this Court shall deem appropriate, and additionally, costs of this action.

Respectfully submitted,

Robert Allen, Plaintiff
BY: LAW OFFICES OF PETER F. FERRACUTI, P.C.


By: _____/Travis Dunn_____
    Travis Dunn, Attorney for Plaintiff



Travis Dunn
Attorney Number: 6319131
Law Offices of Peter F. Ferracuti
110 E. Main St., Ottawa, IL 61350
P (815) 434-3535
F (815) 434-2796
tdunn@peterferracuti.com

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## LEE COUNTY, ILLINOIS

ROBERT ALLEN,            )

                       )

       Plaintiff,       )        2022LA00007

                       )

v.                   )       Case No. 22 – L

                       )

VERIZON,            )

                       )

       Defendants.   )

## SUMMONS

**TO EACH DEFENDANT:  Verizon,** 1684 S Galena Ave, Dixon, IL 61021

**YOU ARE HEREBY SUMMONED and required to file an answer in this case or otherwise file your appearance, in the Office of the Circuit Clerk, LaSalle County Court House, 119 W. Madison St Rm 201, Ottawa, IL 61350 within 30 days after service of this summons, not counting the day of service.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your Circuit Clerk for more information or visit www.illinoislegalaid.org

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local Circuit Clerk's office for a fee waiver application.

**To the Officer:**     **Lee County Sheriff, 240 E Progress Dr, Dixon, IL 61021**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than three (3) days before the date of appearance. This summons may not be served later than thirty (30) days after its date.

5/6/2022

Witness _____, _____

                                         AHB

                    _Clerk of Court_

Attorney Travis Dunn; ARDC # 6319131          (Seal of Court)

LAW OFFICES OF PETER F. FERRACUTI, P.C.

Attorney for: Plaintiff

110 East Main St, Ottawa, IL  61350

Phone:  815/434-3535; Fax:    815/434-4513

                             Date of

                    Service _____

                    (To be inserted by the Officer)

**SHERIFF'S FEES**

Service and Return      $ _____

Miles      $ _____

TOTAL      $ _____

_____

Sheriff of_____County

_____
I certify that I served this summons on defendant as follows:

(a)      **(Individual defendants - personal)**:
By leaving a copy and a copy of the complaint with each individual defendant personally as follows:

         Name of                     Date of
         Defendant                 Service

_____    _____

_____    _____

(b)      **(Individual defendants - abode):**
By leaving a copy and a copy of the complaint at the usual abode of each individual defendant with a person of his family, of age 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

         Name of         Person with       Date of         Date of
         Defendant       Whom Left       Service        Mailing

_____   _____   _____   _____

_____   _____   _____   _____

(c)      **(Corporation or Defendants):**
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

         Defendant Corporation           Registered Agent          Date of
                                      Officer or Agent          Service

_____   _____   _____

_____   _____   _____

(d)      **(Other Service):**

_____

_____

                                 Sheriff of_____County
                                 By_____

# State of Illinois
# In the Circuit Court of the 15th Judicial Circuit
# Lee County

**Robert Allen   vs.   Verizon**



**Case Number: 2022LA00007**

## Progress Call Notice

This case is set for a progress call on the **4th** day of **October 2022**, at **1:30 PM** in courtroom **410,** located at **309 South Galena Avenue**, **Dixon, IL 61021**.   All parties or their counsel are to be present before the Court at this call.  Failure to appear may result in dismissal or default.

Lee County Circuit Clerk

Amy Johnson

Appearance

(12/30/15) CCL N530

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**LEE COUNTY, ILLINOIS**

FILED
Lee Co. Circuit Court
15th Judicial Circuit
Date: 6/22/2022 2:16 PM
Amy Johnson
AHB

| | | |
|---|---|---|
| **ROBERT ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2022LA00007** |
| **v.** | ) | |
| | ) | |
| **VERIZON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# APPEARANCE

✕ GENERAL APPEARANCE          0900 - APPEARANCE - FEE PAID; 0909 - APPEARANCE - NO FEE; -
                              0904    APPEARANCE FILED - FEE WAIVED

   JURY DEMAND                1900 - APPEARANCE & JURY DEMAND - FEE PAID
                              1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:          Plaintiff          ✕ Defendants

___VERIZON_____
                        (Insert litigant's name.)

                        s/ Sean C. Herring and James C. Goodfellow_____
                                        Signature

   ✕    INITIAL COUNSEL OF RECORD          PRO SE
        ADDITIONAL APPEARANCE             SUBSTITUTE APPEARANCE

        A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court
to be in default.

✕ Atty. No.: 39408

(Please complete the following contact information.)

Name:  JACKSON LEWIS P.C._____

Atty. for: Verizon_____

Address: 150 N. MICHIGAN AVENUE, #2500

City/State/Zip: CHICAGO, IL 60601

Telephone: 312-787-4949

Primary Email: sean.herring@jacksonlewis.com

Secondary Email:  james.goodfellow@jacksonlewis.com

Terrtiary Email:_____

Additional Email:  chicagodocketing@jacksonlewis.com;
kathleen.turner@jacksonlewis.com;
brittany.watkins@jacksonlewis.com;

**Pro Se Only:**    I have read and agree to the terms of
the Clerk's Office Electronic Notice Policy and choose
to opt in to electronic notice from the Clerk's office for
this case at this email address

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned attorney, hereby certify that on June 22, 2022, I caused a true and correct copy of the foregoing ***Appearance*** to be filed with the Court's Electronic Filing System, and that same will therefore be served upon all counsel of record.

*/s/ Sean C. Herring*